**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jeffrey Russell BROWN, Defendant–**
**Appellant.**

No. 06–30194.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 7, 2007.

Filed Feb. 27, 2007.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Before: THOMPSON, KLEINFELD, and BYBEE, Circuit Judges.

## MEMORANDUM *

Jeffrey Russell Brown appeals the denial of his motion to suppress evidence found from a search of his car and incriminating statements he made during and after the search. We affirm.

### 1. The Search.

Under *Illinois v. Caballes*, the police may perform a dog sniff of the exterior of a car during a traffic stop without any need for suspicion of contraband.[1] What they cannot do without reasonable suspicion is prolong a traffic stop "beyond the time reasonably required" to issue a ticket in order to perform the dog sniff.[2]

■ Here, the time that elapsed from the beginning of the traffic stop to when the K9 officer alerted to the presence of drugs was only 11 or 12 minutes, not "beyond the time reasonably required" to issue a ticket. The evidence supported the district court's findings that the police officer was, in good faith, just finishing writing the ticket when the K9 unit arrived, and that the dog sniff was completed within the next minute or two. Defendant's own conduct contributed to the additional minute or two and the defendant consented to the dog sniff. Moreover, by the time the officer was completing the ticket, reasonable suspicion existed for a *Terry* stop.

Aaron N. Lucoff, Esq., USBO—OFFICE OF THE U.S. ATTORNEY, Boise, ID, for Plaintiff–Appellee.

Dennis M. Charney, Esq., Eagle, ID, for Defendant–Appellant.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. *Illinois v. Caballes*, 543 U.S. 405, 408, 125 S.Ct. 834, 160 L.Ed.2d 842 (2005).

2. *Id.* at 407, 125 S.Ct. 834.

### 2. The Incriminating Statements.

The defendant's right to a lawyer[3] did not attach until he was subjected to "custodial interrogation."[4] The exchange between Brown and the police directing the defendant to turn over his car keys, asking the defendant his name, etc., was not "interrogation" (whether custodial or not) because it was not "reasonably likely to elicit an incriminating response."[5] Brown asked to call his lawyer when the police asked for his keys (Brown had locked his car door upon exiting the vehicle, after he was unable to produce a driver's license or registration), not in response to interrogation.

AFFIRMED.

---

3. See, e.g., Miranda v. Arizona, 384 U.S. 436, 468–70, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

4. United States v. Padilla, 387 F.3d 1087, 1093 (9th Cir.2004).

5. Id. (quoting Rhode Island v. Innis, 446 U.S. 291, 300–01, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980)). Cf. United States v. LaGrone, 43 F.3d

332, 335 (7th Cir.1994) ("[B]ecause requesting consent to search is not likely to elicit an incriminating statement, such questioning is not interrogation. . . .").

